# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DEBRA L. HUNTER-ELKO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL J. ASTRUE, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:09-cv-01933-GMN-LRL <br><br> **ORDER** |

      This case arises out of the Social Security Administration's denial of benefits to Plaintiff. (*See* Compl. ¶ 1). On June 11, 2010, the Court granted the parties' stipulation for remand and for entry of judgment. (*See* #16). Pending before the Court is Plaintiff's motion for extension of time to petition the Court for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and to stay time to file for attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), until receipt of the Notice of Award.

      Local Rule 54-16 gives parties fourteen days from entry of judgment to petition the Court for attorney's fees. Plaintiff seeks relief from the local rule because EAJA gives plaintiffs thirty days after judgment to petition for attorney's fees, *see* 28 U.S.C. § 2412(d)(1)(B), and the thirty-day clock does not begin to run until sixty days after a court enters a remand order, because the government has sixty days to appeal such an order, *see* Fed. R. App. P. 4(a)(1)(B). *See Melkonyan v. Sullivan*, 111 S. Ct. 2157, 2162, 2165 (1991). In this case, however, the

government has stipulated to the remand order, so it cannot appeal it. The sixty-day period to appeal is therefore irrelevant to the calculation, and the thirty-day clock began to run on June 11, 2010 when the Court entered judgment. Plaintiff has until July 11, 2010 to petition for attorney's fees under EAJA.

Next, Plaintiff argues for a "stay" as to attorney's fees under 42 U.S.C. § 406(b) until a "close out" letter is issued by Defendant after the administrative hearings on remand, because she cannot apply for such fees unless and until she prevails in the proceedings. The present motion is unripe in this regard. The Court has not rendered, and perhaps will not have occasion to render, a favorable judgment to Plaintiff as to her claimed past-due benefits. The Court has rendered a favorable stipulated remand order requiring a rehearing under certain standards, but it has not entered any judgment for past-due benefits. Therefore, although Plaintiff is already entitled (potentially) to attorney's fees under EAJA for the costs of prosecuting her case to the present stage in this Court, see 28 U.S.C. § 2412, she is not yet even potentially entitled to attorney's fees under 42 U.S.C. § 406(b), because no court has rendered a favorable judgment on the merits of her claims for past-due benefits. After Defendant rules on remand, and if the case is then appealed to this Court, and if this Court then rules for Plaintiff on the merits, Plaintiff may apply for attorney's fees under § 406(b).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion (#18) is GRANTED in part and DENIED in part, as explained above.

DATED: This 19th day of July, 2010.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE